# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DARRICK D. RATHER, | DOCKET NUMBER |
| Appellant, | AT-0752-22-0222-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 26, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Albert Lum</u>, Brooklyn, New York, for the appellant.

<u>Maryl R. Rosen</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the agency's demotion action on due process grounds. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed with the agency as an EAS-22 Postmaster at its Auburn, Alabama Post Office. Initial Appeal File (IAF), Tab 5 at 25. By letter dated October 15, 2021, the agency proposed his demotion based on a charge of unsatisfactory performance with 13 underlying specifications. *Id.* at 39-46. The appellant responded in writing to the proposal notice.[2] *Id.* at 36-38. By letter dated February 8, 2022, the deciding official issued a decision demoting the appellant from his EAS-22 Postmaster position to an EAS-17 Supervisor, Customer Services position, effective 30 days from the appellant's receipt of the decision letter. *Id.* at 26-32. In the decision, the deciding official set forth the factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), that he considered in reaching his decision. *Id.* at 29-30. He acknowledged therein that "[he] considered [the appellant's] past discipline record." *Id.* at 29.

The appellant filed this appeal to the Board, arguing that the agency violated his due process rights. IAF, Tab 1. After holding a hearing, the

---

[2] In the appellant's response to the proposed demotion, he asserted that the agency's proposal notice failed to address the factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). IAF, Tab 5 at 37.

administrative judge issued an initial decision reversing the agency's demotion action on due process grounds. IAF, Tab 22, Initial Decision (ID) at 1, 5. The administrative judge found that the agency considered ex parte information without providing the appellant with notice and an opportunity to respond to that information. ID at 3-5. Specifically, he noted that the deciding official, in his testimony, identified numerous disciplinary actions that he requested to review and considered in the penalty analysis that were not articulated in the proposal notice. *Id.* Thus, the administrative judge ordered the agency to cancel the demotion action and retroactively restore the appellant, effective March 13, 2022, and pay him the appropriate amount of back pay with interest and other adjustments. ID at 5.

The agency has filed a petition for review in which it argues that the administrative judge erred in concluding that the agency violated the appellant's right to minimum due process. Petition for Review (PFR) File, Tab 1 at 4-16. The appellant has filed a response in opposition to the petition for review, arguing that the administrative judge correctly determined that the agency deprived him of his right to minimum due process. PFR File, Tab 3 at 4-5. The agency has filed a reply. PFR File, Tab 4 at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The essential requirements of procedural due process are prior notice of the charges against the employee and a meaningful opportunity to respond to those charges. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *see* 5 U.S.C. § 7513(b). Here, the administrative judge found that the appellant's past discipline was not raised in the proposal notice, the appellant did not have a chance to respond to this new information, and it was material to the deciding official's decision to sustain the demotion. ID at 4-5. The administrative judge therefore concluded that the deciding official's consideration of such information without notice to the appellant violated his due process rights. *Id.*

In its petition for review, the agency argues that the administrative judge erred when he determined that the deciding official violated the appellant's due process rights when considering the appellant's past discipline in setting the penalty, the appellant should have known that the deciding official would consider his past discipline because the agency made this information available in the materials it relied on, and the administrative judge incorrectly applied the rule on ex parte communications. PFR File, Tab 1 at 4, 11-16.

Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). Not every ex parte communication is a procedural defect so substantial and so likely to cause prejudice that it undermines the due process guarantee and entitles the claimant to an entirely new administrative proceeding; rather, only ex parte communications that introduce new and material information to the deciding official will violate the due process guarantee of notice. *Id.*

The Board will consider the following factors, among others, to determine whether an ex parte contact is constitutionally impermissible: (1) whether the ex parte communication introduces cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was "of the type likely to result in undue pressure upon the deciding official to rule in a particular manner." *Id.* at 1377. Ultimately, the inquiry of the Board is whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances. *Id.* The Board has held that this analysis applies to penalty considerations. *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686,

¶ 9 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015); *see Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011) (observing that when a deciding official considers either ex parte information provided to him or information personally already known to him, the employee is no longer on notice of portions of the evidence relied upon by the agency in imposing the penalty). We agree with the administrative judge that the agency violated the appellant's due process rights for the following reasons.

The agency argues on review that under *Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 15 (2004), it satisfied its notice requirement because "the prior discipline was in fact included in the documents relied on and used to prepare the discipline and was made available to [the] [a]ppellant to review after the proposed downgrade was issued." PFR File, Tab 1 at 4, 11. It also cites *Harding v. U.S. Naval Academy*, 567 F. App'x 920, 924-25 (Fed. Cir. 2014), an unpublished Federal Circuit opinion, to support its argument that it afforded the appellant minimum due process. PFR File, Tab 1 at 12. In *Harding*, 567 F. App'x at 924-25, the court found that informing the appellant of her right to access the materials the agency relied upon to support its action was sufficient to satisfy any possible due process concerns when she did not allege that the agency denied her the opportunity to review those materials or that the document at issue was not included in them. We have considered the agency's contention, nonetheless we are not persuaded.

In the proposal notice, the proposing official identified 13 specifications of unsatisfactory performance between September 26, 2020, and April 9, 2021. IAF, Tab 5 at 39-46. The proposal notice did not specifically identify any *Douglas* factors nor did it include any prior incidents of discipline. *Id.* However, as noted above, the record shows that the deciding official considered the appellant's past discipline in determining the penalty. IAF, Tab 20, Hearing Audio (HA) (testimony of the deciding official), Tab 5 at 29. Notably, as the administrative judge explained in the initial decision, the deciding official testified that he

requested the appellant's prior disciplinary actions before making the penalty determination. ID at 4; HA (testimony of the deciding official).

The agency contends on review that the administrative judge incorrectly inferred that the deciding official "asked to be provided with [the] [a]ppellant's prior discipline to review as he weighed the penalty because he did not already have these records." PFR File, Tab 1 at 11. This argument is unavailing. Other than the agency's mere assertion, it provides no evidence that the appellant's prior discipline records were, in fact, provided to the appellant with the proposal. We are also not persuaded that the agency included the appellant's past disciplinary actions with the materials relied on when the proposal notice was silent as to prior discipline and the deciding official had to request those documents to review before making his decision. Thus, we agree with the administrative judge's finding that the consideration of the appellant's past disciplinary record was an ex parte communication. ID at 4.

To the extent the agency argues that the administrative judge incorrectly applied the rule on ex parte communication, we disagree. Regarding the first *Stone* factor, the Board has held that additional, specific instances of misconduct, although similar in nature to the charged misconduct, cannot be considered merely cumulative. *See Silberman v. Department of Labor*, 116 M.S.P.R. 501, ¶ 12 (2011). The agency appears to argue that the appellant's prior discipline was cumulative because it was also based on unsatisfactory performance. PFR File, Tab 1 at 7-9. However, there is little, if any, evidence that the appellant had any meaningful knowledge that the agency would rely on his prior disciplinary actions between August 2018 and March 2020 in its decision when the agency did not mention them in the proposal notice. Thus, we believe the information is new and meets the first *Stone* factor. Regarding the second *Stone* factor, based on the deciding official's testimony that he requested the appellant's past discipline, it does not appear that the agency gave the appellant notice or an opportunity to respond to that new information. HA (testimony of the deciding official). We

find that this meets the second *Stone* factor. Regarding the third *Stone* factor, the undue pressure factor is only one of several enumerated factors and is not the ultimate inquiry in the *Stone* analysis. *See Silberman*, 116 M.S.P.R. 501, ¶ 13 (citing *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 n.2 (Fed. Cir. 2011)). Our case law establishes that information is plainly material when the deciding official admits that the information influenced his penalty determination. *See id.*, ¶¶ 12-13. Here, the deciding official acknowledged in his decision letter that he considered "multiple corrective actions that are no longer live in [the appellant's] file" and testified to the same. HA (testimony of the deciding official); IAF, Tab 5 at 29. Therefore, we find that the ex parte information was plainly material.

Based on the foregoing, we find that the deciding official's consideration of new and material information undermined the appellant's constitutional due process guarantees of notice and the opportunity to respond. Accordingly, we affirm the initial decision.

## ORDER

We ORDER the agency to cancel the appellant's demotion and restore him to the position of EAS-22 Postmaster at the Auburn, Alabama Post Office, effective March 13, 2022. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest

due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board′s Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____
                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.